THE TOWN OF WHEATFIELD and THE TOWN OF TONAWANDA, Respondents, *v.* THE TONAWANDA STREET RAILROAD COMPANY, Appellant.

*Street railway — consent to its construction over a bridge half of which is in one village and half in another in different towns — the highway commissioners of the two towns are the "local authorities."*

Where a street railroad seeks permission to cross a bridge, one-half of which lies in a village in one town and the other half in a village in an adjoining town, the bridge having been built by the two towns which are chargeable with its care and maintenance, the consent of the highway commissioners of the two towns is a prerequisite under section 18 of article 3 of the New York Constitution to the construction and operation of the railroad.

APPEAL by the defendant, The Tonawanda Street Railroad Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Niagara on the 22d day of August, 1895, continuing an injunction *pendente lite.*

This action was brought to enjoin and restrain the defendant from constructing its tracks and operating its railroad upon a bridge over the Tonawanda creek. The south half of the bridge is in the county of Erie, in the town of Tonawanda, and in the village of Tonawanda, while the north half is in the county of Niagara, in the town of Wheatfield, and in the village of North Tonawanda.

The villages of Tonawanda and North Tonawanda are incorporated under the general act of 1870 (Chap. 291), relating to villages in this State. The bridge referred to was constructed in 1875, in pursuance of a special statute (Chap. 863 of the Laws of 1867), the expense being borne by the plaintiff towns and the State.

By the provisions of said statute, the burden of the maintenance and repair of said bridge was imposed upon said towns, and from the time of its construction to the present time said towns have had the joint control, and have maintained and kept the same in repair.

The defendant is a domestic corporation, constructing an electric street surface railroad in said villages and towns, and seeks to lay its tracks and operate its road over said bridge, claiming the right to do so under a consent obtained from the trustees of the villages. The defendant has never obtained the consent of the commissioners of highways of said towns, or either of them.

The question at issue is whether "the local authorities," whose consent is made necessary by constitutional and statutory provisions, are the trustees of the said villages or the commissioners of highways of the said towns.

*Root, Orton, Baldwin & Baldwin,* for the appellant.

*Warner & Lindsay,* for the respondents.

ADAMS, J.:

The court at Special Term was undoubtedly correct in its view of the question which this case presents, and the opinion of the learned justice who presided leaves but little to be said. It may be suggested, however, by way of complement thereto, that when proper emphasis is laid upon the language of the Constitution, there remains scarcely any opportunity for the contention made by the appellant's counsel.

Section 18 of article 3, which defines the powers of the Legis-

lature, provides that no law shall be passed authorizing the construction or operation of a street railroad, except upon the condition that the consent of the " local authorities having the control of that portion of a street or a highway upon which it is proposed to construct or operate such railroad, be first obtained." Now, this language clearly indicates that the framers of the Constitution recognized a condition of affairs, the existence of which is well known to every one at all familiar with the highway law of this State, viz., that a " portion " of a public highway is frequently territorially within one political subdivision of the State, while the burden of its control and maintenance is imposed upon another. And such is confessedly the situation which confronts the parties to this action. One-half of the bridge in question is within the boundaries of the village of Tonawanda, while the other half is within the confines of the village of North Tonawanda. But the structure itself was built by the *towns* of Tonawanda and Wheatfield, with some assistance from the State, and the special act under which it was built provides that the towns shall be responsible for its repair and maintenance. (Laws of 1867, chap. 863, § 9.)

Subsequently it was enacted by the Legislature that nothing in the general act " giving the board of trustees of a village power to make and repair bridges within the village bounds, or making them commissioners of highways, * * * shall be construed as divesting the commissioners of highways for any town in which a bridge may be located, of power or control over the same." (Laws of 1870, chap. 291, as amended by Laws of 1887, chap. 513, § 3.) It will be seen, therefore, that the control of this bridge is expressly conferred upon the plaintiffs, and, as it constitutes a portion of a highway over which the defendant seeks to construct and operate its road, it necessarily follows that the " local authorities " whose consent is to be obtained as a condition of such construction and operation must be the town highway commissioners. (*Matter of Rochester Electric R. Co.*, 123 N. Y. 351, 356.)

The application of a simple test will determine the correctness of this conclusion. Suppose the defendant were to place some obstruction upon this bridge ; could either or both of the villages, whose corporate limits extend to its center, maintain an action therefor ? Most assuredly not, because the right to maintain and control the

bridge resides elsewhere, and a municipality which cannot sue for or restrain the obstruction of any particular portion of a highway certainly cannot authorize the same to be used for a street railroad.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

LEWIS, BRADLEY and WARD, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.